Kevin T. Simon SBN-180967
Law Offices of Simon & Resnik, LLP
15233 Ventura Blvd., Suite 300
Sherman Oaks, CA 91403
Telephone (818) 783-6251
Facsimile (818) 783-6253

Attorney for Debtor and Movant
Nancy Casillas

UNITED STATES BANRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

In re:

NANCY CASILLAS,
                    Debtor

NANCY CASILLAS,
                    Movant
v.

NATIONAL CITY,
                    Respondent

CASE No.: SV09-13798-MT
CHAPTER 13

**MOTION TO EXTINGUISH SECOND DEED OF TRUST (LIEN) OF NATIONAL CITY; POINTS AND AUTHORITIES IN SUPPORT; DECLARATIONS OF NANCY CASILLAS AND TRACY GRIFFITH IN SUPPORT THEREOF;**

DATE: November 10, 2009
TIME: 9:00 AM
CTRM: 302

**TO THE HONORABLE MAUREEN TIGHE, THE CHAPTER 13 TRUSTEE, AND RESPONDENT:**

I.
**FACTS**

The instant bankruptcy case, Case No.: SV09-13798-MT, was filed to save real property including Debtor's principle residence located at 3831 Dozier Street, Los Angeles, CA 90063 ("The Property").

The Property is worth no more than $190,000.00, based on a licensed California appraiser's Uniform Residential Appraisal Report reflecting current value. Attached hereto and incorporated by reference is the declaration of Tracy Griffith, licensed California appraiser, to that effect.

The lien of the First Deed of Trust is currently held by IndyMac Federal Bank. The First Deed of Trust is currently at least $253,997.11, based upon a proof of claim filed by IndyMac Federal Bank. Attached as Exhibit "A" to the Declaration of the Debtor is a true and correct copy of a proof of claim filed by IndyMac Federal Bank. The Second Deed of Trust is currently held by National City. The amount owing on the Second Trust Deed is currently at least $202,698.79, based upon a recent billing statement from National City. Attached as Exhibit "B" to the Declaration of Debtor is a true and correct copy of a recent billing statement from National City.

## II.

## ARGUMENT

### A. A SECURED CLAIM IS SECURED ONLY TO THE EXTENT OF THE VALUE OF THE COLLATERAL, AND UNALLOWED SECURED CLAIMS ARE VOID.

11 U.S.C. Section 506(a) states that:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to a setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

11 U.S.C. Section 506(d) states that:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is **void**. (Emphasis added)

### B. THE DEBTOR MAY REQUEST AND THE COURT MAY ENTER AN ORDER THAT VALUES COLLATERAL WHICH IS PROPERTY OF THE BANKRUPTCY ESTATE AND WHICH SECURES A CLAIM OF A CREDITOR AGAINST THE DEBTOR.

Bankruptcy Rule 3012 states that the court may determine the value of a

claim secured by a lien on property in which the estate has an interest on motion of any party and after a noticed hearing.

### C. THE LIEN SHOULD BE EXTINGUISHED AND RECONVEYED SINCE THE PROPERTY IS WORTH $190,000.00 OR LESS, AND THE FIRST DEED OF TRUST IS $253,997.11 THUS THE LIEN IS AVOIDABLE AND SHOULD BE REMOVED.

The prevailing case law in our jurisdiction holds that Chapter 13 debtors are entitled to "strip off" totally unsecured junior mortgages on a principal residence where the claims of the junior lienholders are unsecured given that the value of the principal residence is less than the balance owed on the first mortgage. In re Lam, 211 B.R. 36 (9th Cir. B.A.P. 1997). In Lam, the court held a Debtor's completely unsecured junior mortgage could be stripped off his principal residence, holding that:

> The Nobleman decision holding that section 1322(b)(2) bars a chapter 13 plan from modifying the rights of holders of claims, secured only by the debtor's principal residence, does not apply to holders of totally unsecured claims. The extension of the protections of section 1322(b) to wholly unsecured lien holders is contrary to the provisions of the bankruptcy code allowing discharge ability of unsecured claims.

In re Lam followed the earlier decision of In re Geyer, 203 B.R. 726 (S.D. Cal 1996). In Geyer, the court sustained the Debtor's motion to avoid a lien brought under Bankruptcy Code Section 506(d), and held that a Chapter 13 debtor may strip off a lien on his or her primary residence when the lienholder's interest is totally unsecured, stating that:

> ... the term 'secured claim' as used in section 1322(b)(2) has the same meaning as the term "secured claim" in section 506(a). Unless there is some equity to which the creditor's lien attaches, there is no allowed secured claim and no entitlement to the protections against modification contained in section 1322(b)(2). A chapter 13 debtor may 'strip-off' a lien on his or her primary residence under the plan or under section 506(d) when the lienholder's interest is totally unsecured.

In re Geyer, 203 B.R. 726, 729 (S.D. Cal. 1996).

Indeed, The Ninth Circuit allows this when there is no equity to which the lien of the junior mortgage will attach. In re Zimmer, 313 F.3d 1220 (C.A.9 (Cal.), 2002). Thus

if there is no equity to which a junior lien attaches, that debt becomes an unsecured claim and can be removed as a lien on the property on entry of the chapter 13 discharge. It need not be paid the same percent as other unsecured creditors.

Courts throughout the country agree that the decision of the United States Supreme Court in Nobleman v. American Savings Bank, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed 228 (June 1, 1993) which prohibits a creditor's claim on residential real estate from being bifurcated into secured and unsecured portions and the creditor's rights under the unsecured portions from being modified does not prohibit a Chapter 13 Debtor from stripping off a totally unsecured mortgage on a principal residence. In re Lam, supra; In re Geyer, 203 B.R. 726; Woodhouse v. Woodhouse, 172 B.R. 1 (D. Rhode Island, 1984); In re Sette, 164 B.R. 453, 456(Bankr. E.D.N.Y. 1994); In re Williams, 161 B.R. 27 (Bankr. E.D.Ky. 1993); In re Moncrief, 163 B.R. 492 (Bankr. E.D.Ky. 1993) In re Hornes, 160 B.R. 709 (Bankr. D. Conn. 1993); In re Plouffe, 157 B.R. 198 (Bankr. D. Conn. 1993) (a literal reading of Section 1322(b)(2) does exclude a mortgagee whose secured interest is zero).

In the case at bar, the Property to be retained in the Chapter 13 Plan is Debtor's principle residence. The value of the Property is $190,000.00 or less, yet the value of the First Deed of Trust is at least $253,997.11. Thus, the secured interest of the Second Deed of Trust is zero since there is absolutely no equity to which the Second Deed of Trust can attach. Therefore, the Second Deed of Trust should be extinguished and treated as unsecured for purposes of the instant Chapter 13 proceeding.

### D. IN RE SEWSNUP IS DISTINGUISHED FROM LIEN STRIPPING IN THE INSTANT CASE

The Chapter 7 case of Dewsnup v. Timm, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) has no application to this Chapter 13 case. The relevant cases are the Chapter 13 cases which Movant/Debtor cites above which turn on the many courts' interpretations of Section 1322(b)(2) of the Bankruptcy Code to mean that under Section 1322(b)(2) a Chapter 13 plan may modify the rights of secured claims, other than a claim **secured** only by a security interest in real property that is the debtor's principal residence, and that this section, in light of Section 506(a), does not preclude modification by a Chapter 13 plan of the rights of holders of unsecured claims; to wit, junior mortgages which are completely unsecured.

To this end, Justice Scalia, in his dissent in Dewsnup, points out the difference

between lien stripping in that Chapter 7 case and lien stripping in a Chapter 13 case when he states that,

> Respondents assume, for example, that a debtor in a chapter 13 cannot strip down a mortgage placed on the debtor's home,; but that assumption may beg the very question the Court answers today. True, Section 1322(b)(2) provides that Chapter 13 filers may not "modify the rights of secured claims", that are "secured only by a security interest in real property that is the debtor's principal residence. But this can be and has been read, in light of Section 506(a), to prohibit modification of the mortgagee's rights only with respect to the operation of his claim that is deemed secured under the Code. see, e.g., In re Hart 923 F.2d 1410, 1415 (CA 10 1991); Wilson v. Commonwealth Mortgage Corp., 895 F.2d 123, 127 (CA3 1990)

Dewsnup, 502 U.S. 410, 428, 112 S.Ct. 773, 784.

In Dever v. Internal Revenue Service, 164 B.R. 132 (C.D. Cal. 1994), Judge Fenning held that in spite of Dewsnup, stripping an IRS lien on a principal residence is permissible in a Chapter 11 case. The Court noted that while under Dewsnup, Chapter 7 debtors cannot use Section 506 to strip down liens on an undersecured claim, the Supreme Court specifically reserved the question as to the applicability of its ruling in Dewsnup to cases under the reorganization chapters. 164 B.R. 132, 133. In Dever, the Court discussed the issue of lien stripping in Chapter 13 cases and cited the 10th Circuit case of In re Hart wherein the Court reasoned:

> The dispositive issue in this case is whether Eastland's undersecured loan may be bifurcated into two claims by applying general principles of Section 506(a) to the mortgage and then protecting only the secured claim by provision of Section 1322(b). We believe it can. 923 F.2d 1410, 1413 (10th Cir. 1991).

After citing In re Hart, in Dever the Court went on to state that:

> If Section 506 does not permit debtors to bifurcate undersecured claims and strip down liens to their collateral value, then all secured creditors would be freed of any concern that debtors could reduce the amount of their liens while retaining property. If Congress did not intend to allow lien stripping in general in Chapter 13 cases, then why would it bother to draft the exclusionary language of Section 1322. As Justice Stevens' concurring opinion in Nobleman emphasizes, the legislative history of Section 1322(b)(2) reflects Congressional desire to provide special protections to residential lenders. (citations omitted) The threat must be lien stripping, because no other threat is evident.

Dever v. Internal Revenue Service, 164 B.R. at 141

## III.

## CONCLUSION

Based on the foregoing, it is respectfully requested that the Second Deed of Trust be ordered extinguished, and deemed an unsecured claim.

Date: October 2, 2009

By: _____
Kevin T. Simon
Attorney for the Debtor
Nancy Casillas

## DECLARATION OF NANCY CASILLAS IN SUPPORT OF
## MOTION TO EXTINGUISH SECOND DEED OF TRUST (LIEN) OF NATIONAL CITY

I, Nancy Casillas, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1. I am the Debtor in the instant bankruptcy proceeding, case number SV09-13798-MT.
2. I filed bankruptcy to save my principle residence located at 3831 Dozier Street, Los Angeles, CA 90063 ("The Property").
3. The Property is worth no more than $190,000.00, based on a licensed California appraiser's Residential Appraisal Report reflecting current value.
4. The lien of the First Deed of Trust is currently held by IndyMac Federal Bank. The First Deed of Trust is currently at least $253,997.11, based upon a proof of claim filed by IndyMac Federal Bank. Attached hereto as Exhibit "A" is a true and correct copy of a proof of claim filed by IndyMac Federal Bank.
5. The Second Deed of Trust is currently held by National City. The amount owing on the Second Trust Deed is approximately $202,698.79, based upon a recent billing statement from National City. Attached hereto as Exhibit "B" is a true and correct copy of a recent billing statement from National City.

I declare under penalty of perjury under the laws of the State of California and United States that the foregoing is true and correct.

Executed on October 2, 2009, at Sherman Oaks, California.

_____
Nancy Casillas

## DECLARATION OF TRACY GRIFFITH IN SUPPORT OF
## MOTION TO EXTINGUISH SECOND DEED OF TRUST (LIEN) OF NATIONAL CITY

I, Tracy Griffith, a licensed appraiser, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1. I am making this declaration in support of the Motion to Extinguish Second Deed of Trust (Lien) of National City.

2. On or about September 15, 2009, I appraised real property located at 3831 Dozier Street, Los Angeles, CA 90063 (hereinafter the "Subject Property").

3. Pursuant to my appraisal, the value of the Subject Property on or about September 15, 2009, was valued at $190,000.00. Attached hereto as Exhibit "C" is a true and correct copy of my appraisal of the Subject Property.

I declare under penalty of perjury under the laws of the State of California and United States that the foregoing is true and correct.

Executed on October 2, 2009, at Sherman Oaks, California.

_____
Tracy Griffith

| In re:<br>Nancy Casillas<br><br>Debtor(s). | CHAPTER: 13<br>CASE NUMBER: SV09-13798-MT |
|---|---|

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **15233 Ventura Blvd., Suite 300, Sherman Oaks, CA 91403.**

The foregoing document described **MOTION TO EXTINGUISH SECOND DEED OF TRUST (LIEN) OF NATIONAL CITY;** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On __October 2, 2009__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 2, 2009 | Maria Escobar | |
|---|---|---|
| Date | Type Name | Signature |

**Debtor**
Nancy Casillas
19756 Byrne Place
Santa Clarita, CA  91350


**Chapter 13 Trustee**
Elizabeth F. Rojas
Noble Professional Center
15060 Ventura Blvd., Suite 240
Sherman Oaks, CA 91403


**IndyMac Federal Bank**
460 Sierra Madre Villa Avenue
Suite 101
Mail Stop HS 01-04
Pasadena, CA 91107


**National City**
PO Box 856176
Louisville, KY 40285-6176


**National City**
LOO7180
PO Box 91991
Cleveland, OH 44101-8981


**Agent for Service of Process for National City**
Michael B Cahill
555 S. Flower Street
Legal Department
Los Angeles, CA 90071